UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SANDRA JANETH MURILLO | ) | Case No. 12-10855-RGM |
| | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| StrategyUS, LLC, | ) | |
| Jatinder Chandok, and | ) | |
| Bhavna Chandok | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adversary Proceeding No. _____ |
| Sandra J. Murillo | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## COMPLAINT OBJECTING TO DISCHARGEABILITY

COME NOW the Plaintiffs, StrategyUS, LLC, Jatinder Chandok, and Bhavna Chandok , by

counsel, and for their Complaint Objecting to the Dischargeability of their claims against the

Defendant, Sandra J. Murillo, pursuant to 11 U.S.C. § 523 (a)(6), and in support thereof, states as

follows:

### Parties and Jurisdiction

1.      The Defendant, Sandra J. Murillo, (hereinafter "Murillo"), filed a Chapter 7 petition

in this Court on February 15, 2012.

*Robert L. Vaughn, Jr., VSB No. 20633*
*O'Connor & Vaughn LLC*
*11490 Commerce Park Drive, Suite 510*
*Reston, Virginia 20191*
*703-689-2100 Telephone*
*Counsel for Plaintiffs*

2.      Plaintiff, StrategyUS, LLC, ("StrategyUS") is a Virginia corporation with its

principal place of business in Fairfax County.

3.      Plaintiffs, Jatinder Chandok, and Bhavna Chandok (collectively the "Chandoks") are

husband and wife, and are residents of the County of Fairfax, Commonwealth of Virginia. Jatinder

Chandok is a member of StrategyUS.

4.      This court has jurisdiction of this controversy under 28 U.S.C. §§ 1334 and 157(a).

5.      This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) to the extent it seeks a

determination of nondischargeability; the request for monetary damages is non-core.   Venue is

proper in this Court under 28 U.S.C. §§ 1409(a).

### Factual Allegations

6.      Jatinder Chandok ("Jatinder") is an Information Technology (IT) training service

provider and has been associated with the George Mason University Office of Continuing and

Professional Education (OCPE) since approximately 2003.  Over the years, Jatinder has earned a

reputation for providing quality services to students of George Mason University (GMU).

7.      In June of 2009, StrategyUS was formed by Jatinder to continue his collaboration

with GMU, thereafter signing (2) contracts with OCPE to provide health care technology and IT

training under the banner of George Mason University TechAdvance.

8.      On or about October 2009, StrategyUS employed Debtor as its Program Coordinator

to work on the TechAdvance contracts.  In conjunction with her work, StrategyUS and Jatinder

provided Debtor with a laptop computer.

9.      On or about August 2010, StrategyUS also employed Bita Mehrbaksh (Mehrbaksh)

to work as its Technical Coordinator on the TechAdvance contracts.

10.      Debtor and Mehrbaksh became friends while working for StrategyUS.

11.     On or about May 17, 2011, Mehrbaksh's employment was terminated.  Debtor was informed of the termination and provided assurance that her position was not in jeopardy.

12.     Jatinder and StrategyUS related to Debtor its plans and strategy going forward for growth of the GMU contracts and services.  Debtor expressed a desire to be part of the new initiative.

13.     In reliance upon the foregoing, Jatinder and StrategyUS began working on a training program for Debtor so that she could fulfill her new role.  Jatinder and StrategyUS also began recruiting for a new employee to work with Debtor in the program.

14.     Notwithstanding the foregoing, in conscious disregard of her duties to StrategyUS and Jatinder, and without just cause or excuse, Debtor engaged upon a course of action whereby she disparaged and impugned Jatinder's and StrategyUS's ethics and the quality of his work, and made false allegations about them to senior GMU management personnel, the GMU Human Resources Department, the GMU Office of Continuing and Professional Education, and the Dean's office of GMU's Volgenau School of Engineering, including but not limited to, false assertions that Jatinder and StrategyUS were unfit to perform the work required of them by GMU, and that they lacked integrity and honesty in the performance of their duties.

15.     In conscious disregard of her duties to StrategyUS and Jatinder, and without just cause or excuse, Debtor engaged upon a course of action whereby she disparaged and impugned Jatinder's and StrategyUS's ethics and the quality of work, and made false allegations about them to the GMU Internal Auditor which caused an investigation into the business practices of Jatinder and StrategyUS, which actions included but were not limited to, false assertions that Jatinder and StrategyUS were unfit to perform the work required of them by GMU, and that they lacked integrity and honesty in the performance of their duties.

16.     In addition to the foregoing, and in conscious disregard of her duties to StrategyUS

and Jatinder, and without just cause or excuse, Debtor engaged upon a course of action whereby she disparaged and impugned Jatinder's and StrategyUS's ethics and quality of work, and made false allegations about them to the Office of Congressman Frank Wolf, a long term member of the U.S. House of Representatives serving the area in which GMU is situated, which included, but was not limited to, false assertions that Jatinder and StrategyUS were unfit to perform the work required of them by GMU, and that they lacked integrity and honesty in the performance of their duties.

17.     On or about May 2011, Debtor also met with the plaintiff in a separate lawsuit against StrategyUS and its owners and, upon information and belief, plotted with them to damage relations between StrategyUS, Jatinder and GMU.

18.     The actions of the Debtor also were designed to, and in fact have, interfered with the contractual relationships between Jatinder and StrategyUS and GMU.

19.     In addition to all of the foregoing, on or about August 26, 2011, while Jatinder was attending a hearing at the Fairfax County Circuit Court for a proceeding in which he was a party, Debtor, who had no legitimate role at the hearing and no reason to be there, physically struck Jatinder on the back of the heard and stated "lose you M***** F*****".  These remarks were overheard by Bhavan Chandok.

20.     On or about November 3, 2011, StrategyUS, Jatinder Chandok, and Bhavan Chandok, filed a three count Complaint against the Debtor in the Circuit Court of Arlington County seeking damages for defamation, tortious interference with contract, and assault, Case No. CL11-2504, in which action Plaintiffs sought compensatory damages of not less than $200,000 and punitive damages.  Debtor was served with the action on November 11, 2011 via posting, however, Debtor failed to respond to said action and is in default.

21.     Debtor filed the subject bankruptcy action in response to Plaintiff's filing of their request that the Circuit Court enter judgment by default against her, a copy of which Motion was

mailed to Debtor on February 13, 2012.  Debtor listed StrategyUS and Plaintiffs' counsel in the state

court proceedings on Schedule F, stating that the listing was for "notice only."

22.     The claims against the Debtor are not dischargeable pursuant to 11 U.S.C. § 523

(a)(6).

## COUNT I - DEFAMATION PER SE

23.     The allegations of paragraphs 1 through 22 are incorporated herein as though fully

set forth.

24.     Debtor, knowing the same to be false, or with reckless disregard as to whether the

same were false or not, has impugned the fitness of Jatinder and StrategyUS to perform the duties

required of them by the terms of their contracts with GMU, and has impugned their integrity in the

discharge of their duties under the said contracts.

25.     The actions of the Debtor were willful.

26.     As a direct and proximate result thereof, Debtor has caused Jatinder and

StrategyUS to be injured in their reputation and business, including being required to expend time

and money in responding to and debunking/rebutting the Debtor's false, malicious and defamatory

statements.

27.     As a direct and proximate result thereof, Debtor also has caused psychological injury

to Jatinder Chandok and his wife, Bhavna Chandok.

WHEREFORE, the Plaintiffs, StrategyUS, Jatinder Chandok and Bhavan Chandok, pray that

this Court determine that their claims are not dischargeable pursuant to 11 U.S.C. § 523 (a)(6), for

an award of compensatory damages in an amount of not less than $100,000, for punitive damages

in the amount of $150,000, for an award of fees and costs incurred herein, that they be granted relief

from the automatic stay as prayed for in their Motion for Relief from the Stay filed simultaneously

herein, and for such other and further relief as to this Court seems proper.

## COUNT II - TORTIOUS INTERFERENCE WITH CONTRACT

28.     The allegations of paragraphs 1 through 27 are incorporated herein as though fully set forth.

29.     Debtor had actual knowledge and notice of the existing, valid contractual relationship between Jatinder, StrategyUS and GMU.

30.     Debtor also had actual knowledge and notice of the probability of a continued relationship and future economic benefit in its business expectancies between Jatinder, StrategyUS and GMU, and of the probability of a continued relationship and future economic benefit to them.

31.     Debtor's knowing or reckless impugning of the fitness of Jatinder and StrategyUS to perform the duties required of them by the terms of their contracts with GMU, and by impugning their integrity in the discharge of their duties under the said contracts constitutes improper means to intentionally interfere with Jatinder's and StrategyUS's contractual relationships

32.     As a direct and proximate result of the foregoing actions of Debtor, the relationships and business expectancies between Jatinder, StrategyUS and GMU have been damaged and will continue to be damaged.

WHEREFORE, the Plaintiffs, StrategyUS and Jatinder Chandok pray that this Court determine that their claims are not dischargeable pursuant to 11 U.S.C. § 523 (a)(6), for an award of compensatory damages in an amount of not less than $100,000, for punitive damages in the amount of $150,000, for an award of fees and costs incurred herein, that they be granted relief from the automatic stay as prayed for in their Motion for Relief from the Stay filed simultaneously herein, and for such other and further relief as to this Court seems proper.

## COUNT III - ASSAULT

33.     The allegations of paragraphs 1 through 32 are incorporated herein as though fully set forth.

34.     Debtor's actions as aforesaid constitute an assault and battery against Jatinder.

35.     Debtor's actions were willful and malicious.

36.     As a direct and proximate result thereof, Jatinder has been caused to sustain physical and emotional injury and pain.

WHEREFORE, the Plaintiff, Jatinder Chandok, prays that this Court determine that his claims are not dischargeable pursuant to 11 U.S.C. § 523 (a)(6), for an award of compensatory damages in an amount of not less than $100,000, for punitive damages in the amount of $150,000, for an award of fees and costs incurred herein, that he be granted relief from the automatic stay as prayed for in his Motion for Relief from the Stay filed simultaneously herein, and for such other and further relief as to this Court seems proper.

**StrategyUS, Jatinder Chandok, and Bhavan Chandok, Plaintiffs**
By Counsel

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone
(703) 471-6496 Facsimile

By        _/s/ Robert L. Vaughn, Jr._
           Robert L. Vaughn, Jr., VSB # 20633
           *Counsel for Plaintiffs*

**<u>Certificate of Service</u>**

The undersigned does hereby certify that a copy of the foregoing Complaint Objecting to Dischargeability was mailed this 16th day of March, 2012, to:

Sandra Janeth Murillo                     Alisa Lachow-Thurston, Esq.
20388 Bass Terrace                        1950 Old Gallows Road, Suite 220
Ashburn, VA 20147                         Vienna, VA 22182

Kevin R. McCarthy, Trustee
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102

                                  _____/s/ Robert L. Vaughn, Jr.,_____