# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

| | | |
|---|---|---|
| In Re: | : | Case No: 12-10855-RGM |
| Sandra Janeth MURILLO | : | Chapter 7 |
|     Debtors | : | |
| _____: | | |
| Strategy US, LLC | : | Adv. Proc No: 12-0117-RGM |
| Jatinder Chandok, and | : | |
| Bhavna Chandok | : | |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Sandra Janeth MURILLO | : | |
|     Defendants. | : | |

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 IN FAVOR OF DEFENDANT FOR TORTIOUS INTERFERANCE WITH CONTRACT

Comes now the Defendant and Debtor, Sandra Janeth Murillo, by counsel, and in support of her Motion to Dismiss and Motion for Summary Judgment in her favor states as follows:

### ARGUMENT

A defendant may move the court to dismiss a cause of action for "failure to state a claim upon which relief can be granted" Fed. R. Civ. P. 12(b)(6). The United States Supreme Court advised that '[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly v. Bell Atl. Corp.,* 127 S.Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).

### STATEMENTS

Paragraphs 9 and 10 mention a party by the name of Bita Mehrbaksh without claiming anything associated with the party.

Paragraph 17 of the complaint alleges that the Debtor met with the plaintiffs in a separate lawsuit without indicating what lawsuit and who are the plaintiffs.

Paragraph 18 of the complaint alleges that the actions of the debtor were designed to and in fact interfered with the contractual relationships between Jatinder and Strategy US and GMU without stating what are the actions the debtor did, what are the false statements the debtor said, what are the contractual relationships, and what was the interference with the so allege contractual relationships.

MOTION TO DISMISS DEFAMATION PERSE PURSUANT TO RULE 12(b)(6)

The plaintiffs allege that the debtor knew the 'same' to be false without stating what is the same and what are the so called false statements that the debtor said.

The Plaintiffs allege that the debtor has impugned the plaintiff's integrity in the discharge of their duties under said contracts without specifying which contracts and how is it that the debtor impugned their integrity.

The plaintiffs allege that they had to expend time and money in debunking/rebutting debtor's false statements without stating what are the debtor's false statements and what are the actions the plaintiffs perform that expended money and time.

The words themselves must be viewed in context, with "all the surrounding facts and circumstances . . . taken into consideration, and the whole case . . . looked at in the light of its own particular facts." *Zayre of Virginia, Inc. v. Gowdy*, 207 Va. 47, 50, 147 S.E.2d 710, 713 (1966)

The meaning must be found "from the words used therein construed as a whole." *Alexandria Gazette Corp. v. West*, 198 Va. 154, 160, 93 S.E.2d 274, 280 (1956). As one court put it, "to determine if a publication isdefamatory, the Court must look at the entire communication and not examine separate sentences or portions or with an eye constrained to the objectionable feature alone." *Carolinas Cement Co. v. Riverton Inv. Corp.*, 53 Va. Cir. 69, 77 (Frederick 2000)

MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56 IN FAVOR OF
DEFENDANT FOR TORTIOUS INTERFERANCE WITH CONTRACT OR IN THE
ALTERNATIVE MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

The plaintiffs allege that the debtor knowing and reckless impugning of the fitness of plaintiffs to perform without indicating in the complaint any specific actions that are reckless and impugning.

The plaintiffs allege that the relationships between Plaintiffs and some parties has been damaged and will continue to be damaged without stating how is the relationship damaged and how the plaintiffs know what the future damages are.

Defamation cannot support a "tortuous interference" cause of action, even for at-will employees. The Supreme Court requires that the cause of action for interference with a contract "terminable at will" must include "acts or methods used for interference" that are "'improper'" (citation omitted); finding that the consulting company and its owner (both of whom were plaintiffs) offered no evidence that the corporate defendant did anything "illegal" and the jury's finding that the corporate defendant had not defamed the individual plaintiff meant that "there was no other basis for the jury to determine that [the corporate defendant] did an independently tortious act which caused the stop order to issue"; setting aside the jury verdict in favor of the corporate defendant on the claim of intentional interference with business or contract expectancy). *Burgess v. DynCorp, Inc.*, No. L214995, 2004 WL 2247986, at *2 (Va.Cir. Ct. (Fairfax) Aug. 30, 2004) (Smith, J.).

In *Hatten v. Campbell*, 71 Va. Cir. 95, 100 (Chesterfield 2006) the court was assessing a defamation claim by a former employee of a company; and sustained defendants' demurrer to plaintiff's tortious interference with contact claim because the plaintiff "has not alleged that defendants has [sic] prevented her from returning to work at Richmond Respiratory when her health is well enough for her to do so"). In the instant case as the Plaintiff state they are not prevented from entering into contracts with any of the alleged parties they allege to have contracts with, therefore, Plaintiffs do not have a cause of action for tortuous intereferance wih contract.

MOTION TO DISMISS ASSAULT PURSUANT TO RULE 12(b)(6)

Plaintiffs allege that the aforesaid constitute assault and battery without stating what is aforesaid that constitutes battery and assault and how is it that anything stated constitutes any claim for assault and plaintiffs do not even state what are the elements for assault.

Plaintiffs allege that they have been caused physical and emotional injury and pain without providing any facts to show that they have actually suffered any pain and injury.

CONCLUSION

The plaintiff's complaint fails to state a cause of action for which relief can be granted against the debtor. The United States Supreme Court ruling in *Twombly* rings true in the case at bar. A complaint requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly* at 1964-65. Here the Complaint, at best, contains labels and conclusions purporting to confer liability on the Debtor without even stating what are the alleged words used for the alleged false statement for the alleged damages. Not a single count in the Complaint even sets forth the elements of the causes of action sued upon. The Complaint is completely without merit and should be dismissed with prejudice.

Furthermore the Plaintiffs do not have a cause of action for tortious intefererance with contract since the Plaintiffs are not prevented from entering into the contracts they allegedly had at the time of the alleged actions.

WHEREFORE, for the reasons set forth herein, the debtor, Murillo, moves this Honorable Court to dismiss the Complaint against the debtor pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice, and to Declare Summary Judgment in favor of the Defendant for Tortious Inteferance with a Contract and to enter and Order stating the same, and for any other such relief the Court deems appropriate.

Date: April 17, 2012

Respectfully submitted,
Sandra Janeth Murillo, by Counsel

/s/ Alisa Lachow-Thurston
Alisa Lachow-Thurston  VSB: 65650
4000 Genesee Place Suite 113
Woodbridge, VA 22192
703.868.6300 (tel); 703.991.7100 (fax)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion to Dismiss was electronically transmitted and/or mailed, by first class mail, this 17th day of April, 2012, to the following parties:

Kevin R. McCarthy, Trustee
1751 Pinnacle Drive, Suite 1115

McLean, VA 22102

Robert L. Vaughn, Jr
O'Connor & Vaughn LLC
11490 Comemrce Park Drive, Suite 510
Reston, VA 20191
*Counsel for Plaintiffs*

                                                /s/ Alisa Lachow-Thurston
                                                Alisa Lachow-Thurston  VSB:  65650
                                                Property & Estate Law, PLC
                                                1950 Old Gallows Road, Suite 220
                                                Vienna, VA 22182
                                                703.621.3333; 703.621.3332 (fax)