UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SANDRA JANETH MURILLO | ) | Case No. 12-10855-RGM |
| | ) | Chapter 7 |
| | ) | |
| StrategyUS, LLC, | ) | |
| Jatinder Chandok, and | ) | |
| Bhavna Chandok | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adversary Proceeding No. 12-01117-RGM |
| Sandra J. Murillo | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**AMENDED RESPONSE TO DEBTOR'S MOTION TO DISMISS AND FOR SUMMARY
JUDGMENT FOR TORTIOUS INTERFERENCE WITH CONTRACT**

COME NOW the Plaintiffs, StrategyUS, LLC, Jatinder Chandok, and Bhavna Chandok , by counsel, and for their amended response to the Motion to Dismiss and for Summary Judgment as to the claim for Tortious Interference with Contract filed herein by the Defendant, Sandra J. Murillo, state as follows:

Plaintiffs would first observe that Defendant has failed to file a Memorandum of Points and Authorities in support of her Motion as required by Rule 9013-1(G). For that reason alone, the Motion to Strike and the Motion for Summary Judgment should be denied.

Robert L. Vaughn, Jr.
O'Connor & Vaughn LLC
11490 Commerce Park Drive, #510
Reston, VA 20191

Secondly, with respect to the request for Summary Judgment, Plaintiffs have reviewed the Motion and cannot discern any portion thereof which is addressed to the same despite a heading at the bottom of page 2 thereof to that effect.  The argument contained in that section of the Motion relates to the alleged sufficiency of the Complaint and makes no effort to set forth what Defendant contends are the undisputed facts that would entitle her to judgment as a mater of law.  Respectfully, the Motion appears to be a "cut and paste" from some other document(s) with only a single sentence at the end which relates to the present action.

In an effort to be complete, Plaintiffs will respond to the Motion as best they can, referring to the headings utilized therein by the Defendant:

1. <u>Statements</u>.

–Paragraphs 9 and 10.  Defendant apparently contends that by referring to Bita Mehrbaksh (Mehrbaksh) in these paragraphs, Plaintiffs have made her a party.  Such a contention is wholly without merit, and candidly, makes no sense.  The Complaint is more than adequate in its identification of Mehrbaksh and her connection with the proceedings.

–Paragraph 17.  Defendant complains about Plaintiffs not "indicating" the lawsuit to which they are referring; the Complaint is more than sufficient to put Defendant on notice as to the lawsuit about which Plaintiffs are referring; there is only one lawsuit against these Plaintiffs in state court and only one in which Defendant participated and Defendant is well aware of its identify;

–Paragraph 18.  Defendant apparently complains about the sufficiency of paragraph 18, while wholly ignoring the preceding paragraphs of the Complaint, inclusive of paragraphs 14, 15, 16, and 17, which enumerate actions taken by the Defendant and on which paragraph 18 is predicated.

2. <u>Motion to Dismiss Defamation Prese [sic] Pursuant to Rule 12(b)(6).</u>

Defendant sets forth quotes from three Virginia cases, but fails to provide any insight as to how those quotes have anything to do with the issues at hand. The quotation from *Zayre, Inc. v. Gowdy,* 207 Va. 47, 50, 147 S.E.2d 710, ___ (1966) was in the context of whether there was sufficient evidence to support the jury's verdict in favor of the plaintiffs–it had nothing to do with the sufficiency of the pleadings. Moreover, the quote itself was discussing Virginia's "insulting words" statute, then Va. Code § 8-630. For reasons unknown, Defendant omitted the first part of the quote itself; the entirety of the quote is set forth below:

> "*In order to determine whether words are insulting*, all the surrounding facts and circumstances must be taken into consideration, and the whole case must be looked at in the light of its own particular facts." (emphasis added)

Given that this case has nothing to do with insulting words, it is difficult to ascertain the value of Defendant's reference to the same.

The second case, *Alexandria Gazette Corp. v. West,* 198 Va. 154, 160, 93 S.E.2d 274, ___ (1956), also concerned the sufficiency of the evidence and not of pleading. Once again, Defendant also failed to include the entire quote, rendering the reference irrelevant at best, misleading at worst:

> "*The libelous character of a newspaper article* must be determined from the words used therein construed as a whole, and the article is not actionable unless the elements making it such are present in the article itself, or are fairly to be inferred from the article and the circumstances surrounding its publication." (emphasis added)

Again, given that his case has nothing to do with a newspaper article, it is difficult to discern the reason for citing to the same.

The reference to *Carolinas Cement Co. v. Riverton Inv. Corp.*, 53 Va. Cir. 69, 77 (2000) is particularly troubling. The portion of the quote recited by Defendant not only has nothing to do with determining the sufficiency of the pleadings, it has nothing to do with a claim of tortious interference. The quote is from that portion of Judge Wetsel's opinion in ruling upon a demurrer

finding that allegedly defamatory statements were statements of opinion and not of fact, and thus not actionable. The court observed that the "threshold question in defamation suits is whether a reasonable fact finder could conclude that the published statements imply a provably false factual assertion." In making that threshold determination, the judge is relating that you must view the entire statement in context to ascertain whether it is a purported statement of fact or of opinion. The very next sentence, omitted by counsel, and addressing the words in question, states: "The terms 'economically harmful' and 'environmental threat' are too subjective to be objectively tested, so they cannot be a premise for defamation; accordingly, the demurrer was sustained–not because of the insufficiency of the pleading, but because the court found the statements to be of opinion and not fact. Moreover, in the preceding paragraph on the same page, Judge Westsel notes that the demurrer to plaintiff's claim for statutory conspiracy based upon defamation is overruled, demonstrating that under Virginia law, defamation is an independent tort. As such, it is sufficient to sustain a claim of tortious interference with contract.

      The law of defamation in Virginia is one of common law. Following Virginia case law, words which "impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment" and/or words "which prejudice such person in his or her profession or trade" are actionable as defamation *per se. Fleming v. Moore,* 221 Va. 884, 889, 275 S.E.2d 632, ___ (1981). Plaintiffs have alleged that Defendant "disparaged and impugned Jatinder's and StrategyUS's ethics and the quality of his work, and made false allegations about them" to their employers at George Mason University (Complaint ¶ 14); and that she "disparaged and impugned Jatinder's and StrategyUS's ethics and the quality of work, and made false allegations about them to the GMU Internal Auditor which caused an investigation" into their business practices (Complaint ¶ 15). Beyond a doubt, such allegations are more than sufficient to allege a cause of action for defamation *per se.*

    3. <u>Motion for Summary Judgment Pursuant to Rule 56 in Favor of Defendant for Tortious Interferance [sic] with Contract or in the Alternative Motion to Dismiss Pursuant to Rule 12(b)(6)</u>.

    In support of its contention on this point, Defendant cites to the opinion of Judge Dennis Smith of the Fairfax Circuit Court in *Burgess v. Dyncorp, Inc.*, 19 Cir. L214995 (2004). Defendant's attempt to extract a portion of a quote from the case to support a proposition that case does not support, as well as her failure to inform this Court that it was reversed on appeal is troubling. Judge Smith does not hold that defamation cannot support a cause of action for tortious interference with contract; his opinion is to the contrary. In fact, in the portion of the opinion immediately before the quoted excerpt, omitted by the Defendant, Judge Smith recognizes that:

> "Methods of interference considered improper are those means that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules . . . Improper methods may include violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, ***defamation***, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship." (emphasis added)

Moreover, in an unpublished decision, the Virginia Supreme Court reversed Judge Smith, finding that his setting aside of the jury verdict was improper. *Burgess & Associates v. DynCorp, Inc.,* 05 Va. S. Ct. UNP 042801 (2005). In doing so, the Supreme Court stated that the communication by the defendant to the other party to the contract that the principal of the plaintiff was guilty of "criminal wrongdoing" which the defendant "had reason to know might be unfounded" was sufficient to support the jury's verdict. The ultimate opinion in *Burgess,* if anything, is supportive of Plaintiff's claims in this actions.

    Yet again, Defendant pulls one line out of a case to support her contention; this time it is from the Virginia Circuit Court opinion in *Hatten v. Campbell,* 12 Cir. CL06259, 71 Va. Cir. 95 (2006). The opinion in *Hatten* provides little in the way of details, and only a synopsis of a few allegations of the complaint filed in that action. While the fragment quoted by Defendant, in this

instance, is an accurate quote, without more context it is meaningless, and the case itself is unique on the facts. The best one can decipher from reviewing the decision is that the individual defendant was her husband, who was the president and co-owner of the corporate defendant. The plaintiff/wife was a respiratory therapist who apparently took a leave of absence because of mental health issues, whereupon her husband got "pissed off" and reported her to the Department of Health Professions. There is nothing in the opinion that relates what her allegations were regarding her employment with the corporate defendant other than the referenced quote–which at most seems to be a ministerial pleading issue and not a substantive finding. Here, Plaintiffs have made affirmative allegations that Defendant's actions interfered with their contract with GMU.

    4. <u>Motion to Dismiss Assault Pursuant to Rule 12(b)(6)</u>.

Respectfully, the Defendant's contention on this point are simply nonsensical. Count III expressly incorporates paragraphs 1 through 32 of the Complaint, and in paragraph 34 states that Defendant's "actions as aforesaid constitute an assault and battery." Paragraph 19 of the Complaint alleges:

> 19.    In addition to all of the foregoing, on or about August 26, 2011, while Jatinder was attending a hearing at the Fairfax County Circuit Court for a proceeding in which he was a party, Debtor, who had no legitimate role at the hearing and no reason to be there, physically struck Jatinder on the back of the heard and stated "lose you M***** F*****". These remarks were overheard by Bhavan Chandok.

That allegation is, without question, sufficient to support a claim of assault.

Defendant cites to no authority for the contention that Plaintiff, in an initial pleading, must provide facts to support the allegation that they were in fact injured. It is submitted that the reason for the lack of any authority is clear–there is none.

Conclusion

Plaintiffs have properly plead each and every element required under Virginia law to state a cause of action for defamation per se, tortious interference with contract, and assault. Defendant's

instant motion is, with all due respect, an amalgam of fragmented quotes from cases that do not relate to the issues at hand and, in one instance, simply a misrepresentation of what the case states. The Motion to Dismiss and/or for Summary Judgment should therefore be denied; it is further submitted that as evidenced by the Defendant's own Motion, this matter involves purely issues of state law and should be determined by the Circuit Court of Arlington County in the proceedings which were pending at the time Defendant filed her bankruptcy petition.

          **StrategyUS, Jatinder Chandok, and Bhavan Chandok, Plaintiffs,**
          By Counsel

**O'CONNOR & VAUGHN LLC**
11490 Commerce Park Drive, Suite 510
Reston, Virginia 20191
(703) 689-2100 Telephone

By    /s/ *Robert L. Vaughn, Jr.*
      Robert L. Vaughn, Jr., VSB # 20633
      *Counsel for Plaintiffs*

### Certificate of Service

The undersigned does hereby certify that a copy of the foregoing Amended Response was mailed this 26th day of April, 2012, to:

Sandra Janeth Murillo
20388 Bass Terrace
Ashburn, VA 20147

Alisa Lachow-Thurston, Esq.
1950 Old Gallows Road, Suite 220
Vienna, VA 22182

Kevin R. McCarthy, Trustee
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102

          /s/ *Robert L. Vaughn, Jr.,*